UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI WINBURN, an individual, | No. 1:19-cv-01397-NONE-SKO |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendant. | (Doc. No. 10) |

**INTRODUCTION**

Plaintiff Joni Winburn, proceeding through counsel, initiated this action by filing a complaint on October 4, 2019 against defendant Hartford Life and Accident Insurance Company. (Doc. No. 1.) Therein, based upon her allegation that defendants terminated her long-term disability benefits and denied her internal appeals of the termination of those benefits, plaintiff asserted causes of action for breach of contract and bad faith. (*See generally id.*) On November 26, 2019, defendant filed an answer. (Doc. No. 7.) On December 4, 2019, plaintiff filed a motion to strike most of defendant's affirmative defenses and to deem as admitted certain, "improperly denied" allegations of the complaint. (Doc. No. 10.) Defendant filed its opposition on January 7, 2020. (Doc. No. 12.) Plaintiff filed her reply on January 13, 2020. (Doc. No. 14.)

/////

The court has determined plaintiff's motion to strike is suitable for decision based on the papers under Local Rule 230(g) and, for the reasons explained below, will grant in part and deny in part plaintiff's motion to strike.

## LEGAL STANDARD

### A.     Motion to Strike Affirmative Defenses

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[W]hether to grant a motion to strike lies within the sound discretion of the district court." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). When ruling on a motion to strike, the court must view the pleading under attack in the light most favorable to the nonmoving party. *Id.*

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading. *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "Motions to strike are not favored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (internal citation and quotation marks omitted). Unless the defenses seeking to be stricken are shown to have no possible bearing on the litigation, or to be insufficiently pled under Rule 8, the court will simply consider them not as affirmative defenses, but as general denials or objections. *See In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08-md-1919 MJP, 2011 WL 1158387, at *2 (W.D. Wash. Mar. 25, 2011). "Even if a motion to strike is granted, leave to amend an affirmative defense to cure a pleading deficiency— or add a new affirmative defense—should be liberally granted in absence of prejudice to the opposing party." *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 993 (E.D. Cal. 2016) (internal citations omitted).

/////

### 1. Legal Insufficiency

Legal sufficiency of an affirmative defense is determined in light of the related claims. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 974 (9th Cir. 2010). Thus, an affirmative defense is legally insufficient only if it lacks merit under any set of facts a defendant might allege. *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), *rev'd on other grounds*, 474 F. App'x 515 (9th Cir. 2012). When determining legal sufficiency on a motion to strike, the court "may not resolve disputed and substantial factual or legal issue[s] in deciding . . . a motion to strike." *Whittlestone, Inc.*, 618 F. 3d at 973.

### 2. Pleading Insufficiency

Pleading of affirmative defenses is governed by Rule 8(c), which provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense must give fair notice of the defense pled." *Gomez*, 188 F. Supp. at 991 (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Fair notice as required by the applicable pleading standards merely requires describing an affirmative defense in general terms. *See Staggs v. Doctor's Hospital of Manteca*, No. 2:11-cv-00414-MCE-KJN, 2016 WL 3027742, at *1 (E.D. Cal. May 27, 2016) (quoting *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotation marks omitted)). "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses." *Gomez*, 188 F. Supp. 3d at 992 (internal citations omitted).

**B.     Motion to Deem Specific Answers as Admitted**

When answering a complaint, a defendant must: (1) "state in short and plain terms its defenses to each claim asserted against it"; and (2) "admit or deny the allegations asserted against it by an opposing party." *JPMorgan Chase Bank, N.A. v. Yamassee Tribal Nation*, No. 1:17-cv-00759-LJO-EPG, 2017 WL 6611149, at *2 (E.D. Cal. Dec. 27, 2017) (citing Fed. R. Civ. P. 8(b)(1)). Parties are also permitted to plead lack of sufficient knowledge or information, which is treated as a denial of the allegation addressed. *Grant v. Corral*, No. 2:19-cv-01495-MCE-CKD, 2020 WL 1028364, at *1 (E.D. Cal. Mar. 3, 2020) (citing Fed. R. Civ. P. 8(b)(5)). "A denial must fairly respond to the substance of the allegation." *Id.* An allegation in the complaint, other

than one relating to the amount of damages, is deemed admitted if not effectively denied in the answer.  *See* Fed. R. Civ. P. 8(b)(6).

## DISCUSSION

Plaintiff's pending motion to strike attacks the following affirmative defenses pled in defendant's answer:  first defense (failure to state a claim); second defense (failure to satisfy terms of policy); third defense (offset, integration, deductions); fifth defense (genuine dispute); sixth defense ("Hartford has complied with all promises, obligations, etc."); and reservation of defenses (right to assert additional affirmative defenses). (Doc. No. 10-1 at 3.)  Plaintiff additionally moves the court to strike paragraph 4 of defendant's prayer for relief, and deem defendant's answers to paragraphs 9, 38, and 52 to the complaint as admitted.  (*Id.* at 1, 5.)

Defendant stands on its answers to paragraphs 9 and 52 of plaintiff's complaint, wherein defendant declines to respond to plaintiff's purported legal conclusions and denies any facts alleged. (Doc. No. 7 ¶¶ 9, 52.)  Defendant likewise stands on its denial to paragraph 38 of the complaint, which alleges that plaintiff performed all conditions precedent under the terms of The Policy.  (*Id.* ¶ 38.)  In its opposition to the pending motion defendant does not address its fifth affirmative defense and paragraph 4 in its prayer for relief.  (*See generally* Doc. No. 12.)  The court will evaluate each disputed affirmative defense and answer below.

**A.     Motion to Strike Affirmative Defenses**

        1.     <u>First, Second, Third, and Sixth Affirmative Defenses; Reservation</u>

In its opposition, defendant withdrew its first, second, third, and sixth affirmative defenses, in addition to its reservation of defenses.  (Doc. No. 12 at 2.)  The court will therefore order that defendant's first, second, third, and sixth affirmative defenses, as well as the reservation of affirmative defenses, be stricken from defendant's answer.

        2.     <u>Fifth Affirmative Defense:  Genuine Dispute</u>

Plaintiff also moves to strike defendant's fifth affirmative defense which states: "Plaintiff's claims are barred, in whole or in part, because a genuine dispute exists with respect to entitlement to additional benefits under the Policy." (Doc. No. 10-1 at 4.)  Plaintiff avers that a "'genuine dispute' exists is not a proper defense, but merely a negation of an element of

Winburn's bad faith claim." (*Id.*)  Therefore, as plaintiff argues, defendant's "fact-barren" defense and mere reference to a "doctrine or statute is insufficient to afford fair notice or nature of the defense pleaded." (*Id.* (quoting *Gomez*, 188 F. Supp. 3d at 992).)  Defendant did not address its fifth affirmative defense in its opposition.  (*See generally* Doc. No. 12.)  Regardless, it is the case that "[m]otions to strike are not favored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *In re New Century*, 588 F. Supp. 2d at 1220 (internal citation and quotation marks omitted).  Unless the defenses seeking to be stricken are shown to not have any possible bearing on the litigation, or are insufficiently pled, the court will simply consider them not as affirmative defenses, but as general denials or objections.  *See In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 WL 1158387, at *2.

"[A]n insurer denying delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007) (internal citations and quotation marks omitted).  The "genuine dispute" rule is invoked in cases involving disputes over policy interpretation and factual disputes.  *See id.* at 723.  The "genuine dispute" rule does not relieve an insurer from its obligation to thoroughly and fairly investigate, process, and evaluate the insured's claim.  *See id.*  "A *genuine* dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds."  *Id.* (emphasis in original).

Here, it is simply premature for the court to address whether a "genuine dispute" exists as to plaintiff's entitlement to additional benefits under her insurance policy.  Indeed, plaintiff alleges causes of action for both breach of contract and bad faith.  (Doc. No. 1 ¶¶ 43–76.)  Regardless of whether "genuine dispute" is an appropriate affirmative defense, the court finds that the issue of a "genuine dispute" is related to the litigation, and is not immaterial, impertinent, or scandalous.  Accordingly, the court will deny plaintiff's motion to strike defendant's fifth affirmative defense.

/////

### 3. Paragraph 4 of Defendant's Prayer for Relief

Plaintiff also moves to strike paragraph 4 of defendant's prayer for relief. (Doc. No. 10-1 at 5.) Paragraph 4 of defendant's prayer requests "[t]hat Defendant be awarded actual attorney fees incurred in defending this suit pursuant to Defendant's Twentieth Affirmative Defense . . . ." (Doc. No. 7 at 11.) Defendant does not appear to oppose plaintiff's motion to strike in this regard. (*See generally* Doc. No. 12.)

The court has reviewed defendant's answer and could not locate a twentieth affirmative defense. Having considered the lack of a twentieth affirmative defense upon which defendant's prayer was purportedly based, the apparent absence of a fee-shifting provision in the Policy (*see* Doc. No. 12-1), and defendant's lack of opposition to plaintiff's argument on this point, the court finds that paragraph 4 of defendant's prayer for relief is immaterial to this litigation. Therefore, the court will grant plaintiff's motion to strike paragraph 4 of defendant's prayer for relief. Defendant has not requested leave to amend paragraph 4 of its prayer for relief, and therefore, has not shown prejudice.[1] (*See generally* Doc. No. 12.) Accordingly, leave to amend will not be granted.

### B. Request to Deem Specific Answers as Admitted

Plaintiff argues that defendant's answers to paragraphs 9, 38, and 52 of the complaint are inadequate and therefore should be deemed admitted. (Doc. No. 10-1 at 5–6.)

### 1. Paragraph 9

Paragraph 9 of plaintiff's complaint provides:

> Pursuant to California law notwithstanding any language in a policy to the contrary, the definition of Disabled as set forth in The Policy has a well established legal meaning. California law requires an insurance company to consider: (a) whether the claimant could reasonably be expected to work; recognizing the fact that the insured may do some work or even the fact that he or she may be physically able to do so is not conclusive evidence that his or disability is not total, of reasonable care and prudence require that he or she desist; (b) given the claimant's physical and/or mental capacity; (c) and his

---

[1] Defendant was careful to request leave to amend with respect to paragraphs 9, 38, and 52 of its answer should the court grant plaintiff's motion to strike. (Doc. No. 12 at 2, 6–7.) However, defendant's opposition to the pending motion was silent regarding paragraph 4 of defendant's prayer for relief. The court construes defendant's silence as a concession in this regard.

> or her station in life; (d) to perform the "substantial and material" duties of his or her own occupation; (e) with "reasonable continuity"; and (f) in the usual and customary way. Recovery is not precluded because the claimant is able to perform sporadic tasks or attend to simple, inconsequential details incident to the conduct of business.

(Doc. No. 1 ¶ 9.) In response to paragraph 9, defendant answered: "Hartford contends that it consists of legal conclusions to which no response is required. To the extent that any facts are alleged, Hartford denies." (Doc. No. 7 ¶ 9.) The court finds that defendant's answer satisfies the Rule 8(b) pleading standard in this regard. *See JPMorgan Chase Bank, N.A.*, 2017 WL 6611149, at *2 (citing Fed. R. Civ. P. 8(b)(1)). The court therefore denies plaintiff's motion to deem defendant's answer to paragraph 9 as admitted.

        2.      <u>Paragraph 38</u>

In Paragraph 38 of her complaint plaintiff alleges: "Plaintiff has performed all conditions precedent on her part to be performed under the terms of The Policy." (Doc. No. 1 ¶ 38.) In response, defendant answered, "Hartford denies the allegations of paragraph 38." (Doc. No. 7 ¶ 38.) The court finds that defendant's response satisfies the Rule 8(b) pleading standard. *See JPMorgan Chase Bank, N.A.*, 2017 WL 6611149, at *2 (citing Fed. R. Civ. P. 8(b)(1)). The court therefore denies plaintiff's motion to deem defendant's answer to paragraph 38 as admitted.

        3.      <u>Paragraph 52</u>

Paragraph 52 of plaintiff's complaint alleges as follows:

> Under The Policy, as properly construed by operation of law, Hartford was and is required to pay benefits to Winburn so long as she is prevented from performing with reasonably continuity one or more Essential Duties or her Own Occupation in the usual and customary way, subject to The Policy's elimination period.

(Doc. No. 1 ¶ 52.) In response to paragraph 52, defendant answered: "these allegations consist of legal conclusions to which no response is required. To the extent any facts are alleged, Hartford denies." (Doc. No. 7 ¶ 52.) The court finds that defendant's response satisfies the Rule 8(b) pleading standard. *See JPMorgan Chase Bank, N.A.*, 2017 WL 6611149, at *2 (citing Fed. R. Civ. P. 8(b)(1)). The court therefore denies plaintiff's motion to deem defendant's answer to paragraph 52 as admitted.

/////

# CONCLUSION

For the reasons set forth above, plaintiff's motion to strike (Doc. No. 10) is GRANTED IN PART and DENIED IN PART. Pursuant to defendant's withdrawal of certain affirmative defenses, the court GRANTS plaintiff's motion to strike and orders defendant's first, second, third, and sixth affirmative defenses, as well as the reservation of affirmative defenses, to be stricken from defendant's answer. The court GRANTS plaintiff's motion to strike paragraph 4 of defendant's prayer for relief. The court DENIES plaintiff's motion to strike in all other respects. Because defendant agreed to withdraw certain affirmative defenses and did not oppose plaintiff's motion to strike paragraph 4 of defendant's prayer for relief, prejudice has not been shown. Therefore, defendant will not be granted leave to amend its answer.

IT IS SO ORDERED.

Dated: **July 2, 2020**  
_____  
UNITED STATES DISTRICT JUDGE